UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENISE DOLLARD and MICHAEL DOLLARD,

               Plaintiffs,

   -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER RHEA
TIWARY, POLICE OFFICER JOHN DOE and
CAPTAIN PETER FORTUNE,

               Defendants.

------------------------------------------------------------------X

**ANSWER TO THE COMPLAINT WITH CROSS-CLAIMS**

16-CV-2529 (LDH) (CLP)

Jury Trial Demanded

      Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY, by her attorneys Worth, Longworth and London LLP, respectfully answers Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 and refer all questions of law to the Court.

2. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 and refer all questions of law to the Court.

3. Paragraph 3 is a Jury Demand to which no response is required.

## PARTIES

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

1

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6, except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7, except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

## **FACTS**

8. Deny the allegations contained in paragraph 8.
9. Deny the allegations contained in paragraph 9.
10. Deny the allegations contained in paragraph 10.
11. Deny the allegations contained in paragraph 11.
12. Deny the allegations contained in paragraph 12.
13. Deny the allegations contained in paragraph 13.
14. Deny the allegations contained in paragraph 14.
15. Deny the allegations contained in paragraph 15.
16. Deny the allegations contained in paragraph 16.
17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21 except admit there was an investigation.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 26.

27. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27.

## CAUSES OF ACTION

## AS FOR AN ANSWER TO PLAINTIFFS' FIRST CAUSE OF ACTION: EXCESSIVE FORCE

28. In response to paragraph 28, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 27 as if the same were fully set forth at length herein.

29. Deny the allegations contained in paragraph 29 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

### AS FOR AN ANSWER TO PLAINTIFFS' SECOND CAUSE OF ACTION: DENIAL OF MEDICAL CARE

32. In response to paragraph 32, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 31 as if the same were fully set forth at length herein.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

## AS FOR AN ANSWER TO PLAINTIFFS' THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

39. In response to paragraph 39, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 38 as if the same were fully set forth at length herein.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

## AS FOR AN ANSWER TO PLAINTIFFS' FOURTH CAUSE OF ACTION: DERELICTION OF DUTY DEPRAVED INDIFFERENCE AND FAILURE TO INTERCEDE

47. In response to paragraph 47, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 46 as if the same were fully set forth at length herein.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

## AS FOR AN ANSWER TO PLAINTIFFS' FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. In response to paragraph 52, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 51 as if the same were fully set forth at length herein.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

## AS FOR AN ANSWER TO PLAINTIFFS' SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. In response to paragraph 58, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 57 as if the same were fully set forth at length herein.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61.

62. Deny the allegations contained in paragraph 62.

## AS FOR AN ANSWER TO PLAINTIFFS' SEVENTH CAUSE OF ACTION: NEGLIGENCE

63. In response to paragraph 63, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 62 as if the same were fully set forth at length herein.

64. Deny the allegations contained in paragraph 64 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66.

## AS FOR AN ANSWER TO PLAINTIFFS' EIGHTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY

67. In response to paragraph 67, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 66 as if the same were fully set forth at length herein.

68. Deny the allegations contained in paragraph 68 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

## AS FOR AN ANSWER TO PLAINTIFFS' NINTH CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING

69. In response to paragraph 69, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 68 as if the same were fully set forth at length herein.

70. Admit the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

## AS FOR AN ANSWER TO PLAINTIFFS' TENTH CAUSE OF ACTION: WRONGFUL ARREST

73. In response to paragraph 73, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 72 as if the same were fully set forth at length herein.

74. Deny the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75.

76. Deny the allegations contained in paragraph 76 except admit that at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was performing her duties lawfully, under color of law, and within the scope of her employment as a New York City Police Officer.

77. Deny the allegations contained in paragraph 77.

78. Deny the allegations contained in paragraph 78.

## AS FOR AN ANSWER TO PLAINTIFFS' ELEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION

79. In response to paragraph 79, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 78 as if the same were fully set forth at length herein.

80. Deny the allegations contained in paragraph 80.

81. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 81.

82. Deny the allegations contained in paragraph 82.

83. Deny the allegations contained in paragraph 83.

## AS FOR AN ANSWER TO PLAINTIFFS' TWELFTH CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS

84. In response to paragraph 84, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 83 as if the same were fully set forth at length herein.

85. Deny the allegations contained in paragraph 85.

86. Deny the allegations contained in paragraph 86.

87. Deny the allegations contained in paragraph 87.

88. Deny the allegations contained in paragraph 88.

## AS FOR ANSWER TO PLAINTIFFS THIRTEENTH CAUSE OF ACTION: LOSS OF CONSORTIUM [1]

89. In response to paragraph 89, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY repeats and reiterates each and every response set forth in paragraphs 1 through 88 as if the same were fully set forth at length herein.

90. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 90.

91. Deny the allegations contained in paragraph 91.

92. Deny the allegations contained in paragraph 92.

## AS FOR A FIRST AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

93. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY.

## AS FOR A SECOND AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

94. The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

---

[1] Plaintiffs' Complaint has 2 causes of action numbered "Twelfth Cause of action." For the purposes of responding, the "Answers" to the causes of action will be numbered sequentially.

### AS FOR A THIRD AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

95. If it is determined that Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was acting under the color of law, then the actions of Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY as a sworn police officer of Defendant CITY OF NEW YORK were justified and were done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY reasonably believed that he was exercising and acting within his statutory and constitutional powers.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

96. Plaintiffs' Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

97. If it is determined that Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was acting under the color of law, then Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY acted reasonably and in good faith in discharging her official duties and responsibilities, and as such Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY is entitled to qualified immunity.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

98. Any sums or consideration paid or promised to Plaintiffs, by any person or corporations claimed to be liable for injuries or damages alleged in the Complaint, shall

reduce any judgment rendered in favor of Plaintiffs as against Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligations Law § 15-108, et. seq.

### AS FOR A SEVENTH AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

99. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiffs shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE OF DEFENDANT NEW YORK CITY POLICE OFFICER RHEA TIWARY

100. Upon information and belief, the injuries or damages alleged in the complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of the answering Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY, is, or may be, limited by the provisions of Article 16 of the CPLR.

### AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

101. If Plaintiffs were caused damages as alleged in Plaintiffs' Complaint, due to any culpable conduct other than Plaintiffs' own culpable conduct, then such damages were

subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

102. If it is determined that Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was acting under the color of law, then all of the acts of Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY were performed within the scope of her duties and within the scope of her employment as a New York City Police Officer, and any liability to Plaintiffs must be assumed by her employer, Defendant, CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

## AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

103. Pursuant to this principle of law, if Plaintiffs recover any judgment against Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY, then said Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

## AS FOR THE FOURTH CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

104. If it is determined that Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY was acting under the color of law, then all of the actions of Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY were performed within the performance of her duties and within the scope of her employment as New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant, CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

105. Any damages sustained by Plaintiffs at the time or place mentioned in Plaintiffs' Complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

106. Pursuant to this provision of NYS General Municipal Law Section 50-k, if Plaintiffs recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY then the answering Defendant is entitled to recover the amount of such judgment from Defendant, CITY OF NEW YORK.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY respectfully demands judgment as follows:

(a) Dismissing Plaintiffs' Complaint in its entirety;

(b) Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY

(c) Granting Defendant NEW YORK CITY POLICE OFFICER RHEA TIWARY costs, disbursements, and expenses of the action, reasonable attorney's fees, and; such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 30th, 2016

                          Yours, etc.,


                          _____/s/_____

                          By: Douglas LaBarbera (DL 3880)
                          WORTH, LONGWORTH & LONDON LLP
                          *Attorneys for Defendant P.O. Tiwary*
                          111 John Street - Suite 640
                          New York, New York   10038

TO: **<u>VIA ECF</u>**

John E. Quinn
*Attorney for Plaintiff*
218 E. Park Ave.
Long Beach, NY 11561

Ashley Rebecca Garman
NYC Law Department
*Attorneys for Def. City of New York et, al.*
100 Church Street,
New York, New York 10007