UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DENISE DOLLARD and MICHAEL DOLLARD,

                                         **Plaintiffs**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER RHEA
TIWARY, POLICE OFFICER RUSSELL KENTON and
CAPTAIN PETER FORTUNE,

                                         **Defendants.**
-----------------------------------------------------------------------X

Case No. 1:16-CV-02529
(LDH)(CLP)

Filed 5/18/16

**AMENDED
VERIFIED COMPLAINT**

**TRIAL BY JURY OF
ALL ISSUES DEMANDED**

Plaintiffs, by their attorney, JOHN E. QUINN, ESQ., complaining of the defendants, allege as follows upon information and belief:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution, particularly the Fourth, Fifth, Sixth and Fourteenth Amendments as well as the due process and equal protection clauses; under Federal Law, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988 and under the laws and Constitution of the State of New York. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343 and 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b) and (c) in that the Defendant CITY OF NEW YORK is administratively located within the Eastern District of New York and the events herein occurred in Queens County, City and State of New York.

3. Plaintiffs demand a trial by jury on each and every cause of action herein.

## PARTIES

4. Plaintiffs Denise Dollard and Michael Dollard are residents of Queens County, City and State of New York, residing at 57-60 80th Street, Middle Village, New York.

5. Defendant **CITY OF NEW YORK** is and was at all times mentioned herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain, and does maintain, a police department known as Defendant **NEW YORK CITY POLICE DEPARTMENT** which acts as its agent in the area of law enforcement and for which it is responsible.

6. At all times mentioned herein, Defendant **CITY OF NEW YORK** employed the Defendants **POLICE OFFICER RHEA TIWARY** (hereinafter "**TIWARY**"), **CAPTAIN PETER FORTUNE** (hereinafter "**FORTUNE**") and **POLICE OFFICER RUSSELL KENTON** (hereinafter "**KENTON**").

7. At all times mentioned herein Defendants **TIWARY, FORTUNE** and **KENTON** were and are duly appointed and acting officers, servants, employees and agents of the Defendant **NEW YORK CITY POLICE DEPARTMENT**, a municipal department/agency of Defendant **CITY OF NEW YORK** and were acting under color of the laws, statutes, ordinances of the City of New York and/or the State of New York and the regulations, policies, customs and/or usages of the Defendant **CITY OF NEW YORK** and Defendant **NEW YORK CITY POLICE DEPARTMENT** and acted in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **CITY OF NEW YORK** and Defendant **NEW YORK CITY POLICE DEPARTMENT**, acting on their behalf and with the power and authority vested in them

by the Defendant **CITY OF NEW YORK** and the Defendant **NEW YORK CITY POLICE DEPARTMENT**. They are sued individually and in their official capacity.

## FACTS

8. On May 19th, 2015 beginning at approximately 8:50AM, Plaintiff Denise Dollard was lawfully upon the premises of her employer St. Margaret Mary Church at 918 27th Avenue, Astoria, County of Queens, City and State of New York.

9. At the aforementioned time and place, Plaintiff Denise Dollard was illegally and wrongfully accosted, verbally and physically abused, harassed, assaulted, battered, and publically held up to shame and embarrassment in the presence of co-workers and others who had assembled on the scene by Defendant **TIWARY** and Defendant **KENTON**.

10. At the aforementioned time and place, Defendant **TIWARY** physically struck, pushed and hit Plaintiff Denise Dollard against a wall without cause or reason and employed unnecessary, unreasonable and excessive physical force.

11. At the aforementioned time and place Defendant **KENTON,** present, watching and aware of the actions of Defendant **TIWARY,** failed and neglected to intervene on Plaintiff's behalf in dereliction of duty and in depraved indifference to Plaintiff's wellbeing and failed to intercede and prevent further violation of Plaintiff's rights or further injury to Plaintiff.

12. At the aforementioned time and place, Plaintiff Denise Dollard was without cause illegally and wrongfully arrested, handcuffed, detained and deprived of her liberty against her will by Defendants **TIWARY** and **KENTON**.

13. After handcuffing Plaintiff Denise Dollard, Defendants **TIWARY** and **KENTON** deprived Plaintiff Denise Dollard of necessary medical care, treatment, evaluation and

attention ignoring her physical condition, complaints and pleas, compelling Plaintiff to climb stairs and traverse distance rather than wait for an ambulance and causing Plaintiff Denise Dollard to fall and suffer physical pain and injury.

14. Thereafter, Defendants, their agents, servants, employees and assigns caused Plaintiff Denise Dollard to be wrongfully, illegally and without cause detained, removed, arrested, processed and held against her will causing further physical injury as well as embarrassment, humiliation, anxiety and stress.

15. At some time after the aforementioned arrest and removal of Plaintiff Denise Dollard, Defendant **FORTUNE**, a commanding Officer of Defendant **NEW YORK CITY POLICE DEPARTMENT**, with the authority to direct the actions of Defendants **TIWARI** and **KENTON**, responded to the scene, reviewed video, received information and was aware that Plaintiff Denise Dollard had been wrongfully arrested, assaulted, battered, verbally and physically abused, harassed and held up to public shame and ridicule.

16. Indeed, after reviewing the video of the assault and arrest of Plaintiff Denise Dollard, Defendant **FORTUNE** declared that there was no reason to arrest Plaintiff Denise Dollard.

17. Nonetheless, Defendant **FORTUNE** allowed, permitted, authorized and/or failed to prevent the further detention, processing and prosecution of Plaintiff Denise Dollard all to her further injury both physically and emotionally.

18. Indeed, Defendants, their agents, servants, employees or assigns conspired, cooperated, consulted and acted in concert to falsify evidence and charges against Plaintiff.

19. Thereafter, Defendants, their agents, servants, employees and assigns filed false and malicious charges against Plaintiff Denise Dollard causing her to be prosecuted therefore and to have to defend herself by counsel.

20. Upon information and belief, Defendant **TIWARY** had a history of inappropriate use of authority and force and anger management problems which was known to her employer and co-defendants.

21. The Civilian Complaint Review Board conducted an investigation of the facts herein and concluded that Defendant **TIWARY** used excessive, unwarranted and unjustified physical force against Plaintiff Denise Dollard and did hit her against a wall.

22. On August 11th, 2015, all charges were dismissed against Plaintiff Denise Dollard and the criminal charges against her resolved thereby entirely in her favor.

23. On August 14th, 2015 and within ninety (90) days of the events herein, a duly executed Notice of Claim was served upon the Defendants herein.

24. On January 15th, 2016 Plaintiffs Denise Dollard and Michael Dollard were presented for a 50H Hearing and questioned at length by the representatives of the Defendants.

25. More than thirty (30) days have elapsed since that time and Defendants have failed or refused to negotiate or adjust this claim.

26. This action is begun within one (1) year of the events alleged herein.

27. At all times mentioned herein Plaintiff Michael Dollard was and is the lawfully wedded spouse of Plaintiff Denise Dollard and resided and continues to reside together with her.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: EXCESSIVE FORCE

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

29. The conduct and actions of Defendants **TIWARY** and **KENTON** acting in concert and under color of law, in authorizing, directing and/or causing Plaintiff Denise Dollard to be wrongfully accosted, harassed, assaulted, battered and abused , were excessive and unreasonable, were done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification or reason with knowledge that no crime had been committed, in the absence of force or threat from plaintiff , and were designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and Laws of the State of New York, including the right to be free from an unreasonable seizure of her person and the right to be free from the use of excessive, unreasonable, and unjustified force.

30. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, placed in fear of imminent harmful and offensive bodily contact, was deprived of her liberty, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

31. The acts and omissions of Defendants **TIWARY** and **KENTON** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a

separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## SECOND CAUSE OF ACTION: DENIAL OF MEDICAL CARE

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

33. Members of the New York Police Department have an affirmative duty to seek medical attention for persons who are in need of same while in their custody or who are injured in the course of being arrested.

34. Defendants **TIWARY** and **KENTON** were aware that Plaintiff Denise Dollard was experiencing extreme physical pain, discomfort and distress as a result of Defendant **TIWARY**'s harassment, abuse, assault and use of excessive and unnecessary force, but took no action to provide or request medical care for Plaintiff Denise Dollard, disregarding the obvious risk to Plaintiff's health.

35. Instead, Defendants **TIWARY** and **KENTON** ignored the pleas, complaints and requests for medical attention as well as the physical signs and symptoms and forced Plaintiff Denise Dollard to walk upstairs, out of the building and across a distance to their police vehicle, all while handcuffed, causing her to collapse and fall to the pavement causing her to suffer physical and emotional injuries.

36. The conduct and actions of Defendants **TIWARY** and **KENTON**, acting under color of law, in failing to request or obtain medical attention for Plaintiff Denise Dollard, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's medical needs, and was designed to and did

cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of New York.

37. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00)

38. The acts and omissions of Defendants **TIWARY** and **KENTON** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

### THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

40. By the conduct and actions described above, Defendant **TIWARY** inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants **TIWARY** were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. Defendant **TIWARY**'s acts constituted an assault upon Plaintiff in that Defendant **TIWARY** intentionally attempted to injure Plaintiff or commit a battery upon her, and further that Defendant **TIWARY**'s acts represented a grievous affront to Plaintiff.

42. Defendant **TIWARY**'s acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature and caused injury.

43. The actions of Defendant **TIWARY** were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendant **TIWARY** knew, or should have known, that these actions were without the consent of Plaintiff.

44. The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

45. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

46. The acts and omissions of Defendant **TIWARY** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## FOURTH CAUSE OF ACTION:
## DERELICTION OF DUTY, DEPRAVED INDIFFERENCE AND FAILURE TO INTERCEDE

47. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

48. At all times mentioned herein Defendant **KENTON** was observing and aware of the assault and battery perpetrated by Defendant **TIWARY.**

49. Defendant **KENTON** in dereliction of his duty and in depraved indifference to the wellbeing and safety of Plaintiff Denise Dollard, failed to intercede or act to protect and safeguard Plaintiff, even after she was taken into custody, and failed to stop or limit the continuation of harm and injury.

50. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

51. The acts and omissions of Defendant **KENTON** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

53. Defendant **TIWARY**'s conduct as set forth above, including harassing, accosting, assaulting, battering, arresting and prosecuting Plaintiff without cause, provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

54. Defendant **TIWARY**'s conduct, described above, was intended to and did cause severe emotional distress to Plaintiff.

55. The conduct of Defendant **TIWARY** was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New York.

56. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

57. The acts and omissions of Defendant **TIWARY** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## SIXTH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

58. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

59. The conduct of Defendants as set forth above was careless and negligent as to the emotional health of Plaintiff and so extreme, outrageous and utterly intolerable in a civilized community, conduct exceeding all reasonable bounds of decency, and caused severe emotional distress to Plaintiff.

60. The conduct of Defendants as set forth above was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New York.

61. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

62. The acts and omissions of Defendants **TIWARY, KENTON and FORTUNE** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff

maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## SEVENTH CAUSE OF ACTION: NEGLIGENCE

63. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

64. Defendants **TIWARY, KENTON and FORTUNE** while acting as agents and employees for Defendant **CITY OF NEW YORK**, in their capacity as police officers, were negligent, careless and reckless in the use of the power and authority thereby vested in them.

65. As a proximate result of the negligence, carelessness and recklessness of Defendants **TIWARY, KENTON and FORTUNE**, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

66. The acts and omissions of Defendants **TIWARY, KENTON and FORTUNE** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

## EIGHTH CAUSE OF ACTION: RESPONDEAT SUPERIOR LIABILITY

67. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

68. The conduct of Defendants **TIWARY, KENTON** and **FORTUNE** alleged herein occurred while they were on duty and in uniform, in and during the course and scope of

their duties and functions as a New York City Police Officers, and while they were acting as an agent, servant and employee of Defendant **CITY OF NEW YORK** and Defendant **NEW YORK CITY POLICE DEPARTMENT**. As a result, Defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** are liable to Plaintiff pursuant to the common law doctrine of respondeat superior.

## NINTH CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, RETENTION AND TRAINING

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.
70. Defendants **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** negligently hired, trained, retained, and supervised Defendants **TIWARY, KENTON** and **FORTUNE**.
71. Said negligence was a direct and proximate cause of injury and damage to Plaintiff and the acts of which violated her statutory and common law rights as guaranteed by the laws and Constitution of the United States and the State of New York.
72. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

## TENTH CAUSE OF ACTION: WRONGFUL ARREST

73. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

74. Defendants, their agents, servants, employees and assigns intentionally caused, authorized, permitted and allowed Plaintiff Denise Dollard to be wrongfully arrested, detained and deprived of her liberty without justification or cause.

75. Plaintiff Denise Dollard did not consent at any time to her confinement, deprivation of liberty or arrest.

76. Plaintiff Denise Dollard was aware of her confinement, deprivation of liberty and arrest and the employment of the power and authority of law by the Defendants, their agents, employees, servants and assigns in effecting same.

77. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

78. The acts and omissions of Defendants **TIWARY and KENTON** in the wrongful arrest of plaintiff were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00)

## ELEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION

79. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

80. Defendants, their agents, servants, employees and assigns maliciously initiated, processed, pursued and perpetrated a criminal proceeding against Plaintiff Denise Dollard without probable cause.

81. Said criminal charges and prosecution were terminated entirely in her favor.

82. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, was forced to defend herself by counsel and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

83. The acts and omissions of Defendants **TIWARY, KENTON and FORTUNE** in the malicious prosecution of plaintiff were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

## TWELFTH CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS

84. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

85. The acts and omissions of Defendants, their agents, servants, employees and assigns set forth herein constituted multiple violations under color of law of Plaintiff Denise Dollard's Federal and State Constitutional and Statutory, rights, liberties and freedoms.

86. Said violations of Plaintiff Denise Dollard's rights caused her personal injury and damage, both physical and mental and severe emotional distress.

87. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured and seeks damages in the amount of Three Million Dollars ($3,000,000.00).

88. The acts and omissions of Defendants **TIWARY, KENTON and FORTUNE** were so wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains a separate demand for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

## TWELFTH CAUSE OF ACTION: LOSS OF CONSORTIUM

89. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

90. At all times mentioned herein, Plaintiff Michael Dollard was and is the lawfully wedded spouse of Plaintiff Denise Dollard and resided and continues to reside together with her.

91. As a result of the aforestated, physical and emotional injuries suffered by the Plaintiff Denise Dollard, Plaintiff Michael Dollard has suffered a loss of consortium, services and society as well as economic damages.

92. As a result of the foregoing, Plaintiff Michael Dollard seeks damages in the amount of One Million Dollars ($1,000,000.00).

**WHEREFORE**, Plaintiff demands judgment jointly and individually against each and all of the Defendants on each and every cause of action herein and punitive or exemplary damages against the individual Defendants, as set forth above, together with interest and costs of this action and attorney's fees together with such other and further relief as to this Court may seem just and proper.

Dated: Long Beach, New York
October 25, 2016



JOHN E. QUINN, ESQ.
Attorneys for Plaintiff(s)
218 E. Park Avenue, #303
Long Beach, NY 11561
631-488-0959

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

**JOHN E. QUINN, ESQ.,** an attorney duly admitted to practice in the Courts of New York State affirms under penalty of perjury as follows:

That I am the attorney of record for the plaintiffs herein and have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiffs is that the plaintiffs resides outside the County in which my office is maintained.



John E. Quinn

Docket No.                                                              Year
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENISE DOLLARD and MICHAEL DOLLARD

                               Plaintiffs

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER RHEA
TIWARY, POLICE OFFICER RUSSELL KENTON and
CAPTAIN PETER FORTUNE,

                               Defendants

## AMENDED VEIFIED COMPLAINT

**JOHN E. QUINN, ESQ.**
**Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**218 East Park Avenue, #303**
**Long Beach N.Y. 11561**
**(631) 488-0959 / (718) 263-6200**
**Telecopier (888) 859-4313**

TO:
Attorney(s) for Defendant

Service of a copy of the within         is hereby admitted.
Dated:

                                                          ...................................
                                                          Attorney(s) for

PLEASE TAKE NOTICE
Notice of Entry

[ ]      that the within is a (certified) true copy of a    entered in the office of the clerk of the within
         named Court on

Notice of Settlement

[ ]      that an order of which the within is a true copy will be settlement to the Hon.  , one
         of the Judges of the within named Court, at            on     at 9:30A.M.

**JOHN E. QUINN, ESQ.**
**Attorneys for Plaintiff(s)**
**Office Address & Tel. No.:**
**218 East Park Avenue, #303**
**Long Beach N.Y. 11561**
**(631) 488-0959 / (718) 263-6200**
**Telecopier (888) 859-4313**