

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Ashley R. Garman**
*Senior Counsel*
agarman@law.nyc.gov
(212) 356-3539 (tel.)
(212) 356-3509 (fax)

June 5, 2017

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   <u>Denise Dollard, et al. v. City of New York, et al.</u>, 16-cv-2529 (LDH) (CLP)

Your Honor:

    I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants The City of New York, Russell Kenton and Peter Fortune in the above-referenced action. I write, jointly on behalf of all parties, to respectfully request an extension of time of 60 days for the parties to complete fact discovery in this matter, from the current deadline of June 6, 2017 until August 7, 2017. Should the Court be inclined to grant this request, the parties also respectfully request that the status conference presently scheduled for June 6, 2017, at 2:00PM be adjourned to a time and date on or after August 7, 2017. The reason for these requests is set forth below.

    This matter involves claims under 42 U.S.C. §1983 and New York state law by plaintiff Denise Dollard against the City, NYPD Police Officers Rhea Tiwary[1] and Russell Kenton and Deputy Inspector Peter Fortune, arising out of Ms. Dollard's arrest on May 19, 2015. Among other claims, Ms. Dollard alleges that she was falsely arrested and subjected to excessive

---

[1] This Office does not represent Officer Tiwary; she is represented by Doug LaBarbera, Esq., of Worth, Longworth & London LLP.

force inside her place of employment at St. Margaret Mary Church in Astoria, Queens. Michael Dollard, Ms. Dollard's husband, also asserts derivative claims under state law.

The parties have exchanged written discovery requests and responses thereto, and have begun deposition discovery. However, due to conflicts among the parties' respective counsel's schedules and to circumstances beyond counsel's control – discussed in further detail below – depositions have been proceeding more slowly than counsel had anticipated. At present, the parties have completed one deposition, that of defendant Deputy Inspector Fortune. There remain four party depositions (plaintiffs, Tiwary and Kenton), and a minimum of five nonparty depositions (two nonparty NYPD officers and three civilian witnesses) to be completed. As set forth below, counsel have conferred and have agreed upon a proposed schedule for these remaining depositions should the Court be inclined to grant the requested extension.

The parties respectfully submit that the requested extension is necessary due to scheduling conflicts among counsel for the plaintiffs, counsel for Tiwary and the undersigned, as well as to circumstances beyond counsel's control requiring last-minute adjournments of previously-scheduled depositions. More specifically, the plaintiffs' depositions were scheduled to be completed on May 11, 2017, beginning at 10:00am, at plaintiffs' counsel's Office in Forest Hills, Queens. The plaintiffs as well as counsel for all parties appeared for the deposition as scheduled; however, due to a miscommunication between the undersigned's Office and the court reporter company, the assigned court reporter appeared at the undersigned's Office in Manhattan. After being advised that a replacement court reporter could not appear until noon, counsel for the parties agreed to adjourn the deposition so as to avoid having to potentially recall one of the plaintiffs for a continued deposition. Additionally, the deposition of defendant Officer Kenton was scheduled to take place on May 31, 2017; however, on May 30th the undersigned was advised that Officer Kenton had been involved in an accident and as a result would be unable to attend the deposition as scheduled.

In sum, counsel have been diligently working to complete discovery in this matter, but respectfully submit that additional time is needed in which to do so. Should Your Honor grant the requested extension, counsel for the parties plan to complete the remaining depositions[2] on the following schedule, subject to witness' availability: June 15th – depositions of three civilian nonparty witnesses to the alleged incident; June 16th – deposition of defendant Officer Kenton; June 21st – deposition of defendant Officer Tiwary; July 6th – depositions of Denise Dollard and Michael Dollard; July 13th – depositions of two nonparty NYPD officers.

---

[2] At this time, the parties are contemplating a minimum of five nonparty depositions; however, depending on the testimony of certain witnesses, additional nonparty depositions may be needed. Accordingly, the parties believe that a 60 day extension is necessary notwithstanding the proposed deposition dates agreed upon by counsel and set forth herein.

   Based on the foregoing, the parties respectfully request that the Court extend the fact discovery deadline 60 days, from the current deadline of June 6, 2017 until August 7, 2017. Should the Court be inclined to grant this request, the parties also respectfully request that the status conference presently scheduled for June 6, 2017, at 2:00PM be adjourned to a time and date on or after August 7, 2017. The parties have not previously requested an extension of the fact discovery deadline. The requested extension will not affect any other previously-scheduled dates, as other than the discovery deadline and the June 6th status conference, no other dates have been set.

   We thank the Court for its consideration of this request.

                 Respectfully submitted,

                  /s/
                 Ashley Garman
                 Senior Counsel
                 Special Federal Litigation Division


cc:   John E. Quinn, Esq. **(BY ECF)**
    *Attorney for Plaintiffs*

    Doug LaBarbera
    Worth, Longworth & London LLP
    *Attorneys for Defendant Tiwary*